

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00112-CR

**MARK ALLEN COKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 1**
**McLennan County, Texas**
**Trial Court No. 20153537CR1**

## MEMORANDUM OPINION

The trial court convicted Mark Allen Coker of the offense of driving with an invalid license and assessed punishment at 30 days confinement. We affirm.

Coker's appointed counsel filed an *Anders* brief asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel informed Coker of his right to submit a brief on his own behalf. We review a pro se brief or other response solely to determine if there

are any arguable grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Coker filed a pro se brief on October 17, 2017 in which he complains that he received ineffective assistance of counsel and also challenges the trial court's jurisdiction. Coker also filed an "Affidavit of Crimes." Coker indicated that he did not have a hard copy of the record to properly prepare his response. This Court entered an order on December 20, 2017 directing trial counsel to provide Coker with a hard copy of the record. Trial counsel complied with the order. Coker filed a pro se response on March 1, 2018, in which he argues that the trial court did not have jurisdiction over the cause, that he did not receive proper notice of the trial, that the State engaged in witness tampering, and that the evidence is insufficient to support his conviction.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders v. California*, 386 U.S. at; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988).

After reviewing the briefs, including Coker's pro se response, and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Counsel's request that he be allowed to withdraw from representation of Coker is granted. Additionally, counsel must send Coker a copy of our decision, notify Coker of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed; motion granted
Opinion delivered and filed March 28, 2018
Do not publish
[CR25]

